O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEMLATA B. PATEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JO ANNE B. BARNHART, Commissioner ) <br> of Social Security Administration, ) <br> ) <br> Defendant. ) <br> ————————————————— ) | CASE NO. SA CV 05-00996 RZ <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Hemlata Patel asserts four reasons why the Commissioner's denial of disability benefits, at step four of the familiar five-step analysis, should be reversed. The Court agrees in part with the first such reason and thus will reverse and remand.

Plaintiff argues that the Administrative Law Judge improperly discounted two doctors' opinions. Ramesh Patel, M.D. completed a Residual Functional Capacity (RFC) questionnaire on July 15, 2002, indicating that Plaintiff was incapable of employment because of her fibromyalgia and other physical limitations. *See* Administrative Record (AR) 488-92. He explained that she was "incapable of even 'low stress' jobs" because of "mental and physical impairments." AR 489. Among other restrictions, Dr. Patel found Plaintiff unable to sit, stand or walk more than two hours per eight-hour workday. AR 490. One week later, at Dr. Patel's request, Krishan Khurana, M.D. completed the same kind of questionnaire and reached a similar diagnosis and opinion. AR 493-96. (Curiously, Dr.

Khurana's explanation of why he believed Plaintiff was "incapable of even 'low stress' jobs was, "Incapable of low stress jobs." AR 494.) A month earlier, on June 10, 2002, Dr. Khurana opined that Plaintiff had pain in her back and arms that prevented her from activities such as cleaning and vacuuming, as well as pushing, pulling, walking long distances, squatting and kneeling. AR 498.

An Administrative Law Judge may favor consultative examiners' views over those of treating physicians if he "makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (internal quotations omitted). Moreover, an "ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004). It is unclear here whether Drs. Patel and Khurana were treating sources, but even if they were not, they were at least examining physicians whose opinions may not be rejected without a sound explanation based on substantial evidence. *See Holohan v. Massanari*, 246 F.3d 1195, 1201-03 (9th Cir. 2001).

The Administrative Law Judge explained that he did not give "controlling weight" to these two doctors' opinions "for the following reasons":

> <u>First</u>, the findings are not well supported. <u>Second</u>, claimant's DLI [date last insured for Title II benefits] expired in June 2001[,] and these opinions were after that date. <u>Third</u>, Dr. Patel's opinion is inconsistent with his progress notes which document [that the] claimant is hesitant to take medications and

has been more interested in getting disability rather than taking anti-depressants and getting better ([AR452]).

AR 570-71 (emphasis in original).

The Court discerns three shortcomings in this explanation. First, it is not self-evident that, nor explained in the opinion why, the two doctors' "findings are not well supported." Although the question is somewhat close – for example, neither doctor provided a concrete explanation for his assessment that Plaintiff was "incapable of even 'low stress' jobs" – the Court cannot readily label the doctors' findings as "conclusory." *See Batson*, *supra*, 359 F.3d at 1195. If the Administrative Law Judge meant that the findings are "unsupported by the record as a whole," *id*., he did not say so or explain the conflicts; and if he meant that the two doctors' conclusions lacked the support of "objective medical findings," *id*., again he did not say so or include even a short explanation, such as, "Neither doctor appears to have undertaken more than a cursory examination of the claimant, unlike the consultative examiners, whose 2001 opinions finding the claimant to be substantially healthier are supported by objective tests and other supporting evidence."

Second, the opinion discounts the two doctors' findings because they were made after Plaintiff's DLI. Although some *discounting* of post-DLI opinions sometimes may be proper, such opinions generally may not be rejected altogether. "The rule in this circuit, as in most circuits, is that 'reports containing observations made after the period for disability are relevant to assess the claimant's disability.'" *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988), *citing Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975). The Administrative Law Judge did not include even a brief analysis explaining what weight, if any, he accorded to (or subtracted from) the opinions due to their post-DLI date. It is possible that Plaintiff deteriorated substantially in the thirteen months between her DLI and these two doctors' opinions, rendering those opinions less reliable as indicators of pre-DLI disability; but it also is possible that Plaintiff's condition remained relatively stable during the post-LDI time frame. A medical expert may need to provide guidance to resolve

this matter. *See Armstrong v. Commissioner*, 160 F.3d 587, 590 (9th Cir. 1998) (interpreting SSR 83-20) (where medical inferences as to the onset date of a disability need to be made, the Administrative Law Judge *must* call upon a medical expert to clarify the record); *Quarles v. Barnhart*, 178 F. Supp. 2d 1089, 1096-97 (N.D. Cal. 2001) (explaining that the rationale for SSR 83-20's medical-expert mandate is that some disabilities, although diagnosed later, may have had an earlier onset). Without an explanation or analysis of this issue in the underlying opinion, the Court cannot tell whether the Administrative Law Judge accorded any weight to the opinions at all – or, if he rejected them outright, whether such rejection was sound.

Third, the opinion conflates two different "Dr. Patel"s in stating that "Dr. Patel's opinion is inconsistent with his progress notes which document [that the] claimant is hesitant to take medications and has been more interested in getting disability rather than taking anti-depressants and getting better[.]" Dr. *Ramesh R.* Patel of Anaheim, California, opined in July 2002 that Plaintiff was disabled; the April 2001 progress notes of Dr. *Arun D.* Patel of Fullerton, California, contain the observation that Plaintiff was more interested in disability benefits than in taking her medicine. *See* AR 492, 451. The Court is troubled that Defendant, apparently aware of this error in the underlying opinion, did not candidly point this error out to the Court. Worse, Defendant's brief papers over the mistake, arguing that the Administrative Law Judge based his critique of Dr. Ramesh Patel's 2002 opinion expressly on Dr. *Arun* Patel's 2001 notes, whereas it is apparent that the Administrative Law Judge instead believed that Dr. *Ramesh* Patel's *own* 2001 notes undermined his 2002 opinion. *See* Def.'s Mem. at 4, 5.

The Court thus agrees with the initial portion of Plaintiff's first argument, namely that the Administrative Law Judge provided an inadequate explanation for discounting the findings of Drs. Ramesh Patel and Dr. Khurana. Remand is required.

Given the remand, the Court expresses no opinion as to the other issues raised by Plaintiff. On remand, however, Defendant may wish to take them into consideration.

        For the foregoing reasons, the matter is REVERSED AND REMANDED for further proceedings consistent with this Order.

DATED: February 9, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE